**Application of the UNITED STATES SENATE SELECT COMMITTEE ON PRESIDENTIAL CAMPAIGN ACTIVITIES.**

**Misc. No. 70–73.**

United States District Court, District of Columbia.

July 9, 1973.

Samuel Dash, Chief Counsel, James Hamilton, Asst. Chief Counsel, Fred Rotunda and William T. Mayton, Asst. Counsel, Washington, D. C., in behalf of Senate Select Committee on Presidential Campaign Activities.

Anthony A. Lapham, Washington, D. C., for defendant David R. Young.

Archibald Cox, Sp. Prosecutor, James Neal, Asst. Sp. Prosecutor, Stephen E. Haberfeld, for the Special Prosecutor, Watergate Prosecution Force.

## OPINION

SIRICA, Chief Judge.

The Senate Select Committee on Presidential Activities (Committee) has applied to this Court for an order conferring immunity upon and compelling the testimony of David R. Young pursuant to Title 18, United States Code §§ 6002 and 6005. The Attorney General, as represented by the Watergate Special Prosecutor, has waived the statutory 10-day notice requirement and the 20-day deferral period. The witness, Mr. Young, has no objection to entry of the immunity order sought by the Committee, but raises a point of statutory construction bearing on the form of the order. The problem centers on the exceptions proviso of § 6002, Title 18, and the construction given that proviso in a recent California case, In Re Baldinger, 356 F.Supp. 153 (C.D.Cal.1973).

Section 6002 comprises a general definition of "use immunity" and is incorpo-

rated by reference in subsequent sections of the statute, §§ 6003–6005, which relate use immunity to grand jury, administrative and congressional proceedings. The final clause of § 6002, the exceptions proviso, bars the use of immunized testimony for purposes of prosecuting the witness except in a "prosecution for perjury, giving a false statement, or otherwise failing to comply with the order." On its face, this language applies only to the testimony for which immunity is given. As Mr. Young notes, however, the *Baldinger* decision has construed the provision otherwise.

In *Baldinger*, a grand jury witness opposed immunity on the ground that § 6002 did not preclude the use of her compelled testimony in a possible prosecution for prior false statements to FBI agents. The court there agreed that the statute left open such a possibility and therefore found § 6002 unconstitutional as applied. Mr. Young dissents from this interpretation, but to resolve any doubt, he suggests that the Court modify the immunity order proposed by the Committee, which in its present form tracks the § 6002 proviso, so as to eliminate any possibility that his Senate testimony might be used in a criminal action involving *prior* statements or testimony.[1]

The Court cannot acquiesce in the *Baldinger* construction of § 6002. The statute's language, its legislative history, and the well-established principle that wherever reasonable, statutes must be read so as to preserve their constitutionality,[2] all combine to affirm that the exceptions proviso has a prospective application only. The Court holds that the statute and proposed immunity order, as written, satisfy witness' concerns, and no amendment is needed.

The *Baldinger* decision presents what may be a permissible interpretation of the § 6002 proviso, but that interpretation is by no means a necessary one. Indeed, a natural reading favors a conclusion just the opposite of that reached in *Baldinger*. As pointed out by Mr. Young, the word "otherwise," for example, makes no sense in the context of the statute unless it means that a prospective failure to comply with the order is the only event with which the exception is concerned, and that "perjury" and "giving a false statement" are but two examples of such a failure to comply.[3] If prosecutions relating to earlier statements or testimony were within the contemplation of the exception, the word "otherwise" would have been omitted.

Congress, as evidenced in the legislative history of § 6001, et seq.,[4] was well

---

1. The witness proposes the following paragraph. The underlined portion is that which is offered by way of clarifying amendment.

   AND IT IS FURTHER ORDERED that no testimony or other information compelled under this ORDER (or any information directly or indirectly derived from such testimony or other information) may be used against David Young in any criminal case, except in a prosecution for perjury or giving a false statement *while testifying or providing other information pursuant to this ORDER* or otherwise failing to comply with this ORDER.

   In his memorandum, Mr. Young emphasizes that he has no reason to anticipate a prosecution for prior false state-

ments or perjured testimony, rather he is acting out of an abundance of caution.

2. *See e. g.*, United States v. Harriss, 347 U.S. 612, 618, 74 S.Ct. 808, 98 L.Ed. 989 (1954) and United States v. CIO, 335 U.S. 106, 121–122, 68 S.Ct. 1349, 92 L.Ed. 1849 (1947).

3. "[N]o testimony or other information compelled under the order . . . may be used against the witness in any criminal case except a prosecution for perjury, giving a false statement, or *otherwise* failing to comply with the order." Title 18, U.S.C. § 6002. (Emphasis added).

4. *See e. g.*, Senate Report No. 91–617, 91st Congress, 1st Session, (Dec. 16, 1969) at 55 and 56.

aware of the limitations which must be imposed on the use of compelled testimony to make immunity co-extensive with the Fifth Amendment privilege. The case authority extant at the time made it clear that testimony could not constitutionally be compelled if it were subject to use, direct or indirect, in support of criminal charges against the witness. It is inconceivable that Congress, in its specific attempt to devise a constitutionally sound use immunity statute, should have intended or permitted exceptions to the use of compelled testimony other than the obvious ones for offenses committed in the course of testimony.[5]

It strains the language of § 6002 to read it as having any other than a prospective application. Not only is the statute susceptible of a constitutional interpretation, the Supreme Court itself has found that it fully satisfies the Fifth Amendment's proscriptions.[6] Construing § 6002, then, in the specific case now before the Court, the immunity order as drafted by the Committee protects Mr. Young against any prosecutorial use of his Senate testimony, direct or indirect, the sole exception being that if Mr. Young perjures himself before the Senate Committee or otherwise fails to comply with the instant order, his testimony may be used in prosecuting him for such offenses. The procedural requirements of § 6005 being met, the immunity order will be entered as requested.

---

5. The House Report referred to the exceptions proviso as "probably unnecessary," in other words, the liability of a witness for offenses committed while testifying (or refusing to comply with the order) is probably obvious without any specific exception in the statute. The statement of exceptions was not intended to go beyond the apparent, but was included simply as a matter of caution. [H.R.Rep.No. 91–1549, 91st Congress, 2nd Session (Sept. 30, 1970) at 42.]

Note also the Justice Department's comments at hearings on the immunity bill: "An exception of course is made for criminal offenses committed during the testimony, such as perjury and false statement and for failure to comply with the order itself." [Hearings on S. 30 before Subcommittee No. 5 of the House Committee on the Judiciary, 91st Congress, 2nd Session, (June 10, 1970) at 162.]

6. Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972).